UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY YOUNG, *et al.*,

    Plaintiffs,

v.

CHALMERS AUTOMOTIVE, LLC, *et al.*,

    Defendants.

Case No. 16-cv-14154
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE ON DEFENDANT VERNICE CHALMERS (ECF #48)

In this action, Plaintiffs allege that, among other things, Defendant Vernice Chalmers converted certain funds belonging to Plaintiffs that were to be used to build a custom Mercedes-Benz luxury van. (*See* Sec. Am. Compl., ECF #45.) On March 7, 2019, Plaintiffs filed an *ex parte* motion asking the Court to allow them to serve Chalmers with a copy of the Summons and Second Amended Complaint through alternative service. (*See* Mot., ECF #48.)

In support of the motion, Plaintiffs attached evidence that (1) they attempted to serve Chalmers at her last known address on multiple occasions without success and (2) they had verified Chalmers' address through multiple means, including federal court filings. (*See id.*) Plaintiffs say that they first attempted to serve Chalmers by sending a copy of the Second Amended Complaint, Summons, and a request to waive service of a summons to her last known address by United States Mail. (*See id.* at ¶¶2-3, Pg. ID 641-62; *see also* ECF #48-2.) Plaintiffs say that Chalmers did not respond to that correspondence. (*See id.*)

1

Plaintiffs also have provided evidence that they hired a process server to serve Chalmers personally at her last known address but that those attempts were not successful. (*See id.* at ¶¶ 6-7.) In an affidavit attached to Plaintiffs' motion, the process server explained that she unsuccessfully attempted to serve Chalmers at Chalmers' last known address on six different days at different times of the day. (*See* ECF #48-5 at Pg. ID 662.) Finally, Plaintiffs have provided evidence that they verified Chalmers' address through internet searches, bank records, and bankruptcy schedules filed in the federal bankruptcy of Defendant Albert Chalmers (Chalmers' husband). (*See* ECF ## 48-6, 48-7, and 48-8, and 40-2.)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan. It provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2). "On a showing that service of process cannot reasonably be made as provided by this rule, [a] court may by order permit service of process to be

made in any other manner reasonably calculated to give [a] defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1). "A request for an order under [Michigan Court Rule 2.105(I)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. Rule 2.105(I)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

The Court is persuaded that Plaintiffs have made diligent efforts to find and serve Chalmers personally with a copy of the Summons and Second Amended Complaint. Their process server has unsuccessfully attempted to serve Chalmers personally at her last known address on six occasions. And the process server attempted service on different days of the week and at different times of the day. In addition, Plaintiffs requested that Chalmers waive service, but Chalmers did not respond to that request. Under these circumstances, substituted service is warranted.

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' *ex pare* motion for alternative service (ECF #48) is **GRANTED**.

**IT IS FURTHER ORDERED THAT**, by no later than **April 19, 2019**, Plaintiffs shall serve Chalmers by doing both of the following: (1) mailing the Second Amended Complaint, Summons, and this order to Chalmers' last known address by registered or

3

certified mail, return receipt requested, and delivery restricted to the addressee, and (2) tacking or firmly affixing the Second Amended Complaint, Summons, and this order to the door at Chalmers' last known address in a manner consistent with Michigan Court Rule 2.106.  Plaintiffs shall file a Proof of Service with the Court by no later than **April 26, 2019**.

Chalmers shall answer or take other action permitted by law or court rule within twenty-one (21) days of service as described in this order.  The failure to answer the Second Amended Complaint or take any other action may result in the Court entering a default and/or default judgment against Chalmers.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 2, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 2, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764